JAN 20 2006

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 2:06CR032-MHT |
| v. ) | [21 USC 841(a)(1); |
| ) | 18 USC 924(c)(1)(A); |
| JEROME LAVERNE HARRIELL ) | 26 USC 5861(d)] |
| ) | |
| ) | **INDICTMENT** |

The Grand Jury charges:

## COUNT 1

Chilton*

On or about the 20th day of July, 2005, in ~~Montgomery~~ County, in the Middle District of Alabama, the defendant,

JEROME LAVERNE HARRIELL,

did knowingly possess, with intent to distribute, a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as cocaine powder, a Schedule II Controlled Substance; a mixture including a detectable amount of cocaine base, more commonly referred to as crack cocaine, a Schedule II Controlled Substance; and marijuana, a Schedule I Controlled Substance, all in violation of Title 21, United States Code, Section 841 (a)(1).

## COUNT 2

Chilton*

On or about the 20th day of July, 2005, in ~~Montgomery~~ County, in the Middle District of Alabama, the defendant,

JEROME LAVERNE HARRIELL,

did knowingly possess a Glock 21C .45 caliber handgun, in furtherance of a drug trafficking crime as charged in Count 1 herein, and did use and carry said firearm during and in relation to a

*Pursuant to Court's 3/9/06 Order granting government's motion to correct.

drug trafficking offense as charged in Count 1 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 3

On or about July 20, 2005, in Chilton County, within the Middle District of Alabama,

JEROME LAVERNE HARRIELL,

defendant herein, knowingly received and possessed a firearm as defined by Title 26, United States Code, Section 5845(d), to-wit: a Revelation 12 gauge shotgun, a "short-barreled" shotgun with an overall length of 17.5 inches, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## FORFEITURE ALLEGATION 1

A.      Counts 1, 2, and 3 of this indictment are hereby repeated and incorporated herein by reference.

B.      Upon conviction for violation of Title 21, United States Code, Section 841 (a)(1) as alleged in Count 1 of this indictment, the defendant,

JEROME LAVERNE HARRIELL,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of this Indictment.

C.   If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property. All in violation of Title 21, United States Code, Sections 841 and 853.

## FORFEITURE ALLEGATION 2

A.   Counts 1, 2, and 3 of this indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for the violation of Title 18, United States Code, Section 924(c)(1)(A), as alleged in Count 2 of this indictment the defendant,

JEROME LAVERNE HARRIELL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense including, but not limited to, the following:

One Glock 21C .45 Caliber Handgun.

3

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in Paragraph B above. All in violation of Title 18, United States Code, Section 924.

A TRUE BILL:

*[signature]*
Foreperson

*[signature]*
LEURA GARRETT CANARY
United States Attorney

*[signature]*
John T. Harmon
Assistant United States Attorney

*[signature]*
K. David Cooke, Jr.
Assistant United States Attorney

4