# U.S. District Court
## Northern District of Alabama (Southern)
### CRIMINAL DOCKET FOR CASE #: 2:06-mj-00015-TMP-ALL
### Internal Use Only

RECEIVED
2006 FEB -9  A 10: 00

Case title: USA v. Harriell
Other court case number: 2:06cr032-MHT Middle District of Alabama

Date Filed: 01/30/2006

Assigned to: US Magistrate Judge T Michael Putnam

**Defendant**

**Jerome Laverne Harriell (1)**     represented by     **Mickey L Johnson**
JOHNSON & BASS PC
PO Box 430
Pelham, AL 35124
663-7000
Email: mlj@johnsonandbass.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**     **Disposition**

CONTROLLED SUBSTANCE -
SELL, DISTRIBUTE, OR DISPENSE
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**     **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**     **Disposition**

None

**Plaintiff**

| USA | | represented by | **Joseph Paul Montminy**<br>US ATTORNEY'S OFFICE<br>1801 Fourth Avenue North<br>Birmingham, AL 35203-2101<br>205-244-2185<br>Fax: 205-244-2176<br>Email: joe.montminy@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|---|

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2006 | 1 | Arrest Warrant out of the Middle District of Alabama Returned Executed on 01/28/2006 as to Jerome Laverne Harriell. (SLF, ) (Entered: 01/30/2006) |
| 01/30/2006 | 2 | Rule 40 INDICTMENT as to Jerome Laverne Harriell; the Middle District of Alabama. (SLF, ) (Entered: 01/30/2006) |
| 01/30/2006 |  | Minute Entry for proceedings held before Judge T Michael Putnam :Initial Appearance on a Rule 40 out of the Middle District of Alabama as to Jerome Laverne Harriell held on 1/30/2006; deft present wo/counsel; Joseph Montminy, ausa present; charges & rights explained; Rule 40 identity explained; deft request identity hearing; deft advised the court that he would retain counsel; gov't request detention; bond denied; gov't request three days continuance; granted; Detention and identity Hearings set for 2/2/2006 10:00 AM in Courtroom 2B before Magistrate Judge Paul W Greene. (SLF, ) (Entered: 01/30/2006) |
| 02/01/2006 | 3 | ORDER OF TEMPORARY DETENTION as to Jerome Laverne Harriell; Det Hrg set for 2/2/2006 2:00 PM in CR 2-C before Magistrate Judge Paul W Greene signed by Judge T Michael Putnam on 1/30/06 (CJV) (Entered: 02/01/2006) |
| 02/02/2006 |  | Minute Entry for proceedings held before Judge Paul W Greene:Identity/Det Hrg as to Jerome Laverne Harriell held on 2/2/2006; dft present w/retained atty, Mickey Johnson; dft executes wv of identity; wits testify; proffers; parties rest; ct finds no conds available for rel, dft detained, ct will enter order of removal to chrging dist, dft remanded; hrg adj;(Court Reporter Leah Turner)(CJV) (Entered: 02/07/2006) |
| 02/07/2006 | 4 | ORDER as to Jerome Laverne Harriell as set out in this order signed by Judge Paul W Greene on 2/7/06(CJV) (Entered: 02/07/2006) |
| 02/08/2006 |  | ***Staff Notes as to Jerome Laverne Harriell copies of documents & certified docket sheet mailed to MD/AL, dismissing case(CJV) (Entered: 02/07/2006) |
| 02/08/2006 | 5 | COMMITMENT TO ANOTHER DISTRICT as to Jerome Laverne Harriell; Dft committed to Middle District of Alabama signed by Judge Paul W Greene on 2/7/06(CJV) (Entered: 02/08/2006) |

TRUE COPY:

By: *Cindy Vess*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA

vs.

CASE NUMBER MAG 06-15
Charging District Case Number 2:06CR032-MHT

JEROME LAVERNE HARRIELL

## COMMITMENT TO ANOTHER DISTRICT

The defendant is charged with a violation of 21 U.S.C. 841(a)(1), 18 U.S.C. 924(c)(1)(A) & 26 U.S.C. 5861(d) alleged to have been committed in the Middle District of Alabama.

Brief description of charge(s): possession with intent to distribute cocaine hydrochloride, cocaine base, and marijuana; possession of a firearm in furtherance of a drug trafficking crime; possession of a firearm not registered

The defendant has been unable to obtain release under the Bail Reform Act of 1984, 18 U.S.C. §§3141-3143.

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant, all proceedings required by Fed.R.Crim.P.40 having been completed.

February 7, 2006

_____
PAUL W. GREENE, CHIEF, U.S. MAGISTRATE JUDGE

| RETURN | | |
|---|---|---|
| This commitment was received and executed as follows: | | |
| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |

FILEI
2006 Feb-07 PM 02:
U.S. DISTRICT COUI
N.D. OF ALABAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) MAG NO. 06-15 |
| | ) |
| JEROME LAVERNE HARRIELL | ) |

### O R D E R

Jerome Laverne Harriell, the defendant in the above-captioned action, appeared before United States Magistrate Judge T. Michael Putnam on January 30, 2006 following his arrest pursuant to an indictment returned in the Middle District of Alabama on January 20, 2006. The indictment averred that in Montgomery County, Alabama Mr. Harriell had distributed a quantity of crack cocaine while in the possession of a firearm in furtherance of a drug trafficking offense (count two) and that a search of an automobile on the same day reveals a short barrel shot gun, the possessor of which was in violation of 26 U.S.C. § 5861(d). At the request of the United States a hearing was scheduled pursuant to the provisions of Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3142(e) and (f). On February 2, 2006 Mr. Harriell appeared with his retained attorney, Mr. Mickey Johnson. After consideration of the evidence adduced at the evidentiary proceeding and the statutory presumptions found at 18 U.S.C. § 3142(e) the court finds that there are no available conditions of bond that will adequately assure that the defendant will appear in court as directed and, insofar as the statutory presumptions found at 18 U.S.C. § 3142(e) Mr. Harriell is a danger to the community.

### THE EVIDENCE

Drug Enforcement Administration (DEA) Agent Jonathan Arrington testified that in the Middle District of Alabama he directed a confidential informant to make two controlled purchases of cocaine from Mr. Harriell in July 2005. The confidential information had told agents that the



defendant possessed a 45 caliber pistol during the transaction. The agents had been informed through other informants that the defendant was armed during drug transactions which occurred prior to the confidential informant's visit to Mr. Harriell's home. Based upon those drug sales the agents obtained a search warrant which was executed at the defendant's home. In addition to crack cocaine a 45 caliber pistol was found during the execution of the search warrant. Mr. Harriell was released on a bond with respect to the charges arising from the execution of the search warrant in July.

DEA Task Force Agent Russell Morrison of Bibb County, Alabama, within the Northern District of Alabama, testified that in late October or early November of 2005 Agent Arrington spoke with him concerning Mr. Harriell's continued drug dealing after leaving the Middle District of Alabama. Arrington supplied Morrison with a confidential informant. The informant was searched in conformity with an established protocol and made a purchase of crack cocaine from Mr. Harriell at his new home. Both the confidential informant and a person accompanying the informant told officers that they had clearly seen the outline of a firearm in the pocket of the shorts Mr. Harriell was wearing.

## 18 U.S.C. § 3142(g)

1. The offense charged involves a narcotic or dangerous drug.
2. The indictment establishes that there is probable cause to believe that Mr. Harriell has been involved in violations of 21 U.S.C. § 841, 18 U.S.C. § 924, and the possession of an unregistered short barrel shotgun. Moreover, independent of the indictment, the court also finds that there is probable cause to believe that in late October or early November of 2005 Mr. Harriell sold a quantity of crack cocaine to a confidential informant and during that transaction he was armed with a pistol.

3.  History and characteristics of the defendant Jerome Laverne Harriell.

    In August of 1993 Mr. Harriell was convicted of the possession of cocaine in the Circuit Court of Bibb County, Alabama. It would appear that that conviction was a misdemeanor. He is charged in Chilton County, Alabama within the Middle District of Alabama, of the possession of marijuana in the first degree, possession of controlled substances and drug paraphernalia. The Chilton County charges appear to be the same offense which gave rise to the federal indictment. Mr. Harriell is not employed although he has strong family ties in Alabama. He has no history of failing to appear in court.

4.  Risk of flight and danger to the community.

    Independent of the statutory presumptions in favor of pretrial detention found at 18 U.S.C. § 3142(e) the court would consider the possibility of a third party custodian and/or other conditions of release. The defendant does not appear to be a risk of flight or a danger to the community. However, as more fully discussed below the statutory presumptions in favor of pretrial detention have not been overcome and the court finds that there is probable cause to believe that Mr. Harriell is a risk of flight and a danger to the community predicated upon those presumptions. The presumptions are particularly applicable in that with respect to the July 2005 charges in Chilton County, Alabama, Mr. Harriell has, while on bond, continued to sell controlled substances and has done so while armed.

5.  Statutory presumptions.

    Pretrial detention of a criminal defendant is appropriate when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In narcotics

cases where a defendant places a maximum sentence greater than ten years of imprisonment the Bail Reform Act establishes a rebuttable presumption that the defendant is both a risk of flight and a threat to the community. The presumption imposes on Mr. Harriell the burden of production to come forth with evidence suggesting that he is neither a risk of flight nor a danger to the community. If the defendant fails to rebut either part of the statutory presumption, pretrial detention is warranted. See *United States v. King*, 849 F.2d 488 (11th Cir. 1988); *United States v. Allen*, 891 F. Supp. 594, 598 n.7 (S.D. Fla. 1995).

In the Eleventh Circuit probable cause for § 3142(e) purposes is established by the return of an indictment against the defendant charging him with an offense punishable by more than ten years of imprisonment. See *United States v. King*, 849 F.2d at 487-88. See also, *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985). In the present case the evidence preponderates that at the time of the execution of the search warrant in July of 2005 Mr. Harriell was in possession of in excess of 7 grams of crack cocaine which implicates the statutory presumptions. In general the United States bears different burdens of proof with respect to the risk of flight and the danger to the community. The United States, absent the presumptions, need only prove by preponderance of the evidence that the defendant is a risk of flight while it must prove that a defendant presents a danger to the community by clear and convincing evidence. See *United States v. Quartermaine*, 913 F.2d 910, 915-17 (11th Cir. 1990). Congress has specifically identified persistent drug dealers as dangers to the community. The court finds that there is probable cause to believe that after the execution of the search warrant in July 2005 Mr. Harriell continued to unlawfully distribute crack cocaine. This places Mr. Harriell category of offenders for whom pretrial detention is

4

warranted. Mr. Harriell has not overcome the presumptions in favor of his detention and it is therefore ORDERED that he be DETAINED without bond pending trial or other disposition of the charges in this action.

It is FURTHER ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultations with counsel. On order of this Court or on request from an attorney for the United States, the person in charge of the corrections facility in which the defendant is confined will deliver the defendants to the United States Marshal for purpose of appearance in connection with a Court proceeding.

The clerk is DIRECTED to serve a copy of this order upon counsel for defendant and the United States Attorney for the Northern District of Alabama.

As to the foregoing it is SO ORDERED this the 7th day of February, 2006.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE

Case 2:06-cr-00032-MHT-SRW   Document 6   Filed 02/09/2006   Page 9 of 15   FILED
2006 Feb-01 PM 02:
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA

vs.                                          MAG 06-15

JEROME LAVERNE HARRIELL

### ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT

Upon the motion of the United States, it is ORDERED that a detention/preliminary hearing is set for THURSDAY, FEBRUARY 2, 2006 AT 2:00 P.M. IN COURTROOM 2-C*, Hugo L. Black U. S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203 before the Honorable Chief, Magistrate Judge Paul W. Greene. Pending this hearing, the defendant shall be held in custody by the U. S. Marshal and produced for the hearing.

DATE: January 30, 2006

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon the motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C.§3142(f)(2).
    A hearing is required whenever the conditions set forth in 18 U.S.C.§3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.



AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

MIDDLE District of ALABAMA

UNITED STATES OF AMERICA

V.

JEROME LAVERNE HARRIELL
County Road 222
Jemison, Alabama 35085

**WARRANT FOR ARREST**

Mag-06-15

Case Number: 2:06-cr-0032-MHT

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **JEROME LAVERNE HARRIELL**
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

X Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice

charging him or her with (brief description of offense)

POSSESSION WITH INTENT TO DISTRIBUTE COCAINE HYDROCHLORIDE, COCAINE BASE, AND MARIJUANA;
POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME;
POSSESSION OF A FIREARM NOT REGISTERED

in violation of Title __21__ United States Code, Section(s) __841(a)(1), 18 USC 924(c)(1)(A), & 26 USC 5861(d)__

DEBRA P. HACKETT
Name of Issuing Officer

By: [signature]
Signature of Issuing Officer

CLERK, U.S. DISTRICT COURT, MIDDLE ALABAMA
Title of Issuing Officer

January 25, 2006; Montgomery, Alabama
Date and Location

**ORIGINAL WARRANT ON FILE.**

**THIS COPY FOR INVESTIGATIVE**

**PURPOSES ONLY.**

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at Centreville, Alabama | | |
| DATE RECEIVED 01/26/06 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST 01/28/06 | Clayton C. Benfield, DUSM | [signature] |

# ARREST INFORMATION SHEET

DATE OF ARREST: 1/30/06

**Defendant Information**  25675-001

Name: Jerome Laverne Harriell

Sex: M   Race: B   DOB: 12/21/68   Place Of Birth: Michigan, Detroit

Address: 1174 Ollie Fulgeam Dr
Brierfield, Al 35035

Telephone Number: 205 665-5081

Social Security Number: 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

Employment: Landscaper

Address of Employer: Ashby, Al

How Long Employed: 3 years

**Arresting Agent Information**

Arresting Agent and Contact Number: Tony Swihart

Arresting Agent's Office Number: 731-1712

NCIC Check for Local Warrants: 

Probation Office Contacted: ✓

U.S. Attorneys Office Notified: ✓

Originating District for Warrant: M/AL

Circle:   Complaint   Information   (Indictment)   Probation Violator

This Arrest Sheet, along with the Executed Warrant should be completed by the Arresting Agency and taken to the Clerks Office on the first floor. It should be given to either **Darlene Davis, Bobby Duncan, Sherian Fisher, or Cindy Voss.**

FILED
JAN 26 2006
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | MAG-06-15 |
| ) | |
| v. ) | CR. NO. 2:06CR032-MHT |
| ) | [21 USC 841(a)(1); |
| JEROME LAVERNE HARRIELL ) | 18 USC 924(c)(1)(A); |
| ) | 26 USC 5861(d)] |
| ) | |
| ) **INDICTMENT** | |

UNITED STATES MARSHALS SERVICE MIDDLE ALABAMA
2006 JAN 26 A 8:— RECEIVED

The Grand Jury charges:

COUNT 1

On or about the 20th day of July, 2005, in Montgomery County, in the Middle District of Alabama, the defendant,

JEROME LAVERNE HARRIELL,

did knowingly possess, with intent to distribute, a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as cocaine powder, a Schedule II Controlled Substance; a mixture including a detectable amount of cocaine base, more commonly referred to as crack cocaine, a Schedule II Controlled Substance; and marijuana, a Schedule I Controlled Substance, all in violation of Title 21, United States Code, Section 841 (a)(1).

COUNT 2

On or about the 20th day of July, 2005, in Montgomery County, in the Middle District of Alabama, the defendant,

JEROME LAVERNE HARRIELL,

did knowingly possess a Glock 21C .45 caliber handgun, in furtherance of a drug trafficking crime as charged in Count 1 herein, and did use and carry said firearm during and in relation to a



drug trafficking offense as charged in Count 1 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 3

On or about July 20, 2005, in Chilton County, within the Middle District of Alabama,

JEROME LAVERNE HARRIELL,

defendant herein, knowingly received and possessed a firearm as defined by Title 26, United States Code, Section 5845(d), to-wit: a Revelation 12 gauge shotgun, a "short-barreled" shotgun with an overall length of 17.5 inches, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## FORFEITURE ALLEGATION 1

A.  Counts 1, 2, and 3 of this indictment are hereby repeated and incorporated herein by reference.

B.  Upon conviction for violation of Title 21, United States Code, Section 841 (a)(1) as alleged in Count 1 of this indictment, the defendant,

JEROME LAVERNE HARRIELL,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of this Indictment.

2

C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property. All in violation of Title 21, United States Code, Sections 841 and 853.

## FORFEITURE ALLEGATION 2

A. Counts 1, 2, and 3 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 924(c)(1)(A), as alleged in Count 2 of this indictment the defendant,

### JEROME LAVERNE HARRIELL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense including, but not limited to, the following:

One Glock 21C .45 Caliber Handgun.

3

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in Paragraph B above. All in violation of Title 18, United States Code, Section 924.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
United States Attorney

_____
John T. Harmon
Assistant United States Attorney

_____
K. David Cooke, Jr.
Assistant United States Attorney

ATTEST: A True Copy
Certified to _February 25_, 20 _06_.
Clerk, U.S. District Court,
Middle District of Alabama
BY _____
Deputy Clerk

4